IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE OTIS HARRIS, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1060-O |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Otis Harris, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1992, petitioner pled guilty to one murder and four aggravated robberies. Punishment was assessed at 30 years confinement and a $750 fine for each conviction. All five convictions were affirmed on direct appeal. *Harris v. State*, Nos. 05-92-01377-CR, 05-92-01378-CR, 05-92-01379-CR, 05-92-01380-CR & 05-92-01381-CR, 1993 WL 378125 (Tex. App.--Dallas, Sept. 21, 1993, pet. ref'd). Petitioner also sought post-conviction relief in state and federal court. His state writ was denied without written order. *Ex parte Harris*, WR-25,360-02 (Tex. Crim. App. Jan. 10, 1996). Petitioner's federal writ was denied on the merits. *Harris v. Johnson*, No. 3-97-CV-0053-D (N.D. Tex. Mar. 24, 1998), *COA denied*, No. 98-10507 (5th Cir. Oct. 26, 1998). After his federal writ was denied, petitioner filed five more state writs--one for each conviction. All five writs were dismissed

as successive. *Ex parte Harris*, WR-25,360-05, WR-25,360-06, WR-25,360-07, WR-25,360-08 & WR-25,360-09 (Tex. Crim. App. Jan. 21, 2009).

Petitioner now seeks federal habeas relief for a second time. In four grounds, petitioner contends that: (1) the trial court failed to conduct a competency hearing before accepting his guilty pleas; (2) he received ineffective assistance of counsel; (3) the prosecutor withheld evidence of a prior competency determination; and (4) the trial judge made derogatory comments about him at sentencing. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). Under this statute, a claim presented in a second or successive application must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the filing of this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.[1]

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent petitioner seeks to circumvent the rules governing successive habeas petitions by bringing this action under Rule 60(b) of the Federal Rules of Civil Procedure, he is precluded from doing so. The Fifth Circuit has repeatedly stated that a Rule 60(b) motion seeking to amend or alter the judgment in a prior habeas case should be construed as a successive petition under 28 U.S.C. § 2244(b). See, e.g. Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir.), cert. denied, 123 S.Ct. 14 (2002); Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999), cert. denied, 120 S.Ct. 2204 (2000). Although a federal district court may entertain a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings," see Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005), petitioner does not point to any defect in the disposition of his prior federal writ. Instead, he raises new substantive claims that attack the validity of his underlying criminal convictions. Under these circumstances, the motion is properly construed as a successive habeas petition which cannot be filed without permission from a three-judge panel of the court of appeals. See 28 U.S.C. § 2244(b)(3).